IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANNY BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-020 |
| | ) | |
| WARDEN PERRY; DEPUTY WARDEN HARMON; UNIT MANAGER TINA POWELL; CO 2 JERRMEY BRUNENTT; MISS KAIT THROUMAN; and ALL MEBERS OF THE GEORGIA DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) ) | |
| Defendants.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). When Plaintiff filed his complaint, as his two-page letter was construed in the Northern District of Georgia prior to transfer to this District, (see doc. nos. 1, 2), he did not pay the filing fee or submit a motion to proceed IFP. Upon arrival of the case in the Southern District, the Clerk of Court sent Plaintiff a deficiency notice on February 20, 2024, regarding the need to pay the $405 filing fee or file a motion to proceed IFP, and set a

---

[1]The Court **DIRECTS** the **CLERK** to update the list of Defendants on the docket in accordance with the names and titles in above caption, which is consistent with the list of individuals on page two of Plaintiff's original filing. (See doc. no. 1, p. 1.)

twenty-one-day deadline for compliance. (See doc. no. 4.) The notice explained failure to correct the deficiency could result in dismissal. (See id.) Plaintiff failed to respond to the Clerk's deficiency notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff did not comply with the requirements for commencing a civil action by filing a complaint unaccompanied by the full filing fee or a motion to proceed IFP, and when given the opportunity to correct the deficiency, Plaintiff failed to respond to the Clerk's notice. Plaintiff's failure to comply with the filing requirements of the Local Rules and his failure to respond to the Clerk's deficiency notice, amounts not only to a failure to prosecute, but also an abandonment of his case.

2

In sum, the time to respond has passed, and Plaintiff has not paid the filing fee or submitted a motion to proceed IFP as required.  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of March, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA